IN THE MATTER OF THE PETITION OF THE NEW YORK CABLE RAILWAY COMPANY.

*Commissioners to decide as to the construction of steam railways in cities — 1875, chap. 606, sec. 4 — the refusal of the property owners to consent, after the determination of the route by the rapid transit commissioners, must be shown.*

To authorize the General Term of the Supreme Court to appoint commissioners to determine whether a railway ought to be constructed or operated, as provided in section 4 of chapter 606 of 1875, it must be shown that the owners of one-half in value of the property, bounded on the portion of the street or highway upon which it is proposed to construct or operate such railway, have refused to consent thereto, *after the rapid transit commissioners have fixed and determined the route or routes for such railway, and the time and place of construction, as provided in the said act.*.

No legal application for such consent can be made until the rapid transit commissioners have exercised this power, as such action on their part is necessary to enable the property owners to whom application is made to know to what kind of a road they are consenting, to what degree the streets will be obstructed

thereby, of what efficiency the proposed mode of construction is capable, and to what particular objections it is subject, from which some other method of construction might be free.

MOTION for a rehearing and an order to show cause why the report of the commissioners previously appointed by this court in this matter should not be remanded to them for further hearing.

This is an application by the petitioner for a rehearing of the motion previously made by it to confirm the report of the commissioners appointed by this court to determine whether or not the petitioner's railways ought to be constructed and operated. This court denied the motion. (40 Hun, 1.) From this order of denial the petitioner appealed to the Court of Appeals. The order was affirmed by that Court, but upon grounds different from those taken by the General Term. That court held, among other things, that there were defects in the petitioner's articles of association.

After the decision upon the appeal, the petitioner took measures to amend its articles so as to correct the defects and supply the omissions, pointed out by the Court of Appeals, and thereupon moved for a reargument in that court. This motion was denied, not upon its merits, but upon the ground that the court had no power to consider the new facts brought before it. Thereafter this motion for a rehearing was made.

*Everett P. Wheeler, Joseph H. Choate* and *Robert Sewell*, for the motion.

*Aaron J. Vanderpoel, Waldo Hutchins, William C. Trull* and others, opposed.

VAN BRUNT, P. J.:

It is not necessary to discuss the various points which were presented in opposition to the granting of these motions upon the argument thereof, but simply to consider one which seems to show that this court has no jurisdiction whatever to entertain the present applications.

It appears from the act under which this proceeding is taken that the jurisdiction of this court depends entirely upon the refusal of the owners of one-half in value of the property bounded on that portion of the street or highway upon which it is proposed to con-

struct or operate the railway or railways, to consent thereto. It further appears from the decision of the Court of Appeals upon the appeal to that court from the judgment of this General Term, which judgment we are asked to reopen, that the rapid transit commissions must exercise the power of deciding upon the plans of construction, and that such decision had not up to that time been made, and consequently had not been made at the time the consents were applied for, the refusal to grant which was supposed to have conferred jurisdiction upon this court. It was further held that such decision and determination as to plans of construction were necessary in order that those who consent to the construction of the road, whether they be the local authorities, the property owners or, the Supreme Court commissioners may know to what kind of a road they are consenting, to what degree the streets will be obstructed thereby, of what efficiency the proposed mode of construction is capable.

It may be added that the rapid transit commissioners must exercise the power of deciding upon the plan of construction in order that those property owners to whom application is made for this consent may act intelligently, that they may know to what kind of a road they are asked to consent, to what degree the streets will be obstructed thereby, of what efficiency the proposed mode of construction is capable, and to what particular objections the method of construction proposed is subject, from which some other method of construction might be free

In the case at bar the Court of Appeals has decided that the plans for the construction of the road claimed to have been adopted by the rapid transit commissioners were fatally defective, and were no plans at all, and did not comply in many material respects with the requirements of law. That such pretended plans attempted to give to the board of directors of the corporation the right to determine questions the exclusive exercise of which belonged to the rapid transit commissioners. That they utterly failed to convey that information to the property owners upon the route, to which they were entitled before they could be asked to give their consent.

It may be that it was because of this very want of knowledge as to the plans proposed to be used in the construction of these roads, the want of any determination as to whether the roads should be surface or elevated, that the property owners along the proposed

routes have refused their assent. The Court of Appeals says that the necessary materials were not before the property owners, when they were applied to for their assent in this matter, to enable them to form an intelligent judgment whether the scheme proposed should or should not be assented to.

As this court acquires jurisdiction only because of the refusal of property owners to consent, there must be placed before the property owner, before he can legally be asked to consent, those necessary materials which the statute has prescribed as being necessary for him to form an intelligent judgment as to the merits of the proposed scheme, and as under the decision of the Court of Appeals such materials did not exist at the time the property owners were applied to for their consent in this matter, no legal application for such consent has ever been made; there has been no refusal and this court is entirely without jurisdiction.

The motion must therefore be denied, with costs.

BRADY and DANIELS, JJ., concurred.

Motion denied. with costs.